UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JERMAIN SANTELL HILL,

    Movant,

v.                            Civil Action No.   2:18-cv-00075
                           Criminal Case Nos. 2:15-cr-00026
                                                    2:16-cr-00210

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending are the following pro se motions by the movant: (1) Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF No. 46); (2) Motion for Bond (ECF No. 53); Motion to Amend (ECF No. 59); Motions for Appointment of Counsel (ECF NO. 67, 87); Motions for Summary Judgment (ECF Nos. 68, 79, 80, 88, 89); Motion for Appointment of Guardian Ad Litem (ECF No. 72); Motion to Reduce or Correct Sentence (ECF No. 82); and Motion for Writ of Mandamus (ECF No. 83). Each of those motions has been ruled upon by the magistrate judge.

This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B),

which she entered on May 21, 2019.  After entry of the PF&R, movant also filed, on May 24, 2019, a motion to compel judgment in which he contends that inasmuch as three of his five motions for summary judgment were unopposed, he is entitled to relief as a matter of law.  ECF No. 98.

In her thorough report, the magistrate judge grants the movant's motion to amend (ECF No. 59), but she recommends that the court deny movant's § 2255 motion (ECF No. 46) and dismiss this case from the court's docket.  The magistrate judge further recommends that movant's other pending motions be denied as moot.  On June 6, 2019, the movant filed his objections to the PF&R, and on June 20, 2019, he filed additional objections.  The court reviews de novo those matters in the PF&R to which the objections pertain.  28 U.S.C. § 636(b)(1).

I.   Background

The PF&R includes an informative description of the history of the case.  In 2014, movant was indicted by a federal grand jury with two possession of a firearm charges, one of which was dismissed.  In 2015, Hill was charged with possession with intent to distribute crack cocaine, and the court appointed John Carr to represent him.  Hill entered into a plea agreement wherein he pled guilty to the drug charge in exchange for the

2

United States dismissing the remaining possession of a firearm charge from 2014.  The court accepted Hill's guilty plea.  On May 28, 2015, this court imposed a sentence of fifteen months imprisonment and three years of supervised release.  2:15-cr-00026, ECF No. 20, at 1-3.  Hill subsequently completed his period of incarceration and began serving his three-year term of supervised release.  In 2016, a federal grand jury charged Hill with possession of a firearm by a convicted felon, and a petition was also filed seeking to revoke Hill's supervised release for his 2015 conviction.

John Carr was appointed as defense counsel for the 2014, 2015 and 2016 cases.  In January 2017, less than two weeks before Hill's trial was scheduled to begin in the 2016 case, the government produced to the defense a report indicating that swabs of Hill's face and hand taken after his arrest were positive for gunshot residue.  Carr sought a continuance and Hill did not believe a continuance was necessary.  In February 2017, Carr withdrew as counsel due to an irreconcilable breakdown in communication between counsel and the movant.

Gary Collias was then appointed to represent Hill in both the revocation proceeding and the 2016 felon in possession action.  Hill ultimately entered into a plea agreement in which he agreed to plead guilty to the 2016 felon in possession of a

firearm charge and not to contest the supervised release violations for the 2015 conviction. In his plea agreements for both the 2015 crack cocaine charge and the 2016 felon in possession of a firearm charge, Hill agreed to waive his right to seek appellate or collateral review of his conviction or sentence, with the exception of claims based on ineffective assistance of counsel. On September 7, 2017, the court sentenced Hill to 37 months of imprisonment for the 2016 case to be served consecutively to his eight-month supervised release revocation sentence.

## II. Objections

In his more than twenty-five pages of objections, the movant essentially reasserts the arguments raised in his briefings before the magistrate judge.

Inasmuch as Hill completed his fifteen-month term of imprisonment for the 2015 crack cocaine conviction, it appears that he is attempting to challenge the supervised release revocation and the eight-month sentence by invalidating the underlying conviction. Hill asserts that for his 2015 conviction, he is entitled to the actual innocence exception to the one-year statute of limitations for filing a § 2255 motion, as prescribed by the Antiterrorism and Effective Death Penalty

4

Act (AEDPA), 28 U.S.C. 2255(f). Obj., ECF No. 101, at 1, 3. The magistrate judge thoroughly and accurately assessed the movant's assertion that he is entitled to the actual innocence exception which he undertakes to invoke in order to overcome the applicable statute of limitations. She aptly found that he was not entitled to that exception and that Hill's claims relating to his 2015 conviction and sentence must be dismissed under the limitations provision of the AEDPA.[1] PF&R, ECF No. 97, at 9-13.

Throughout his objections, the movant consistently restates that each of the plea agreements he entered for the 2015 crack cocaine charge and 2016 felon in possession of a firearm charge were not voluntary inasmuch as he suffers from a mental disability and that he received ineffective assistance of counsel because neither Carr nor Collias sought a competency evaluation. See id. at 5-8, 11-14, 17-21; Further Obj., ECF No. 102, at 1-3. He also asserts that his mental disability should toll the AEDPA statute of limitations. Obj., ECF No. 101, at 4. Movant states that inasmuch as he was adjudged disabled by the Social Security Administrator, he was mentally incompetent and

---

[1] Because the claims for relief for the 2015 conviction were appropriately dismissed based on the applicable limitations period, the court need not address movant's "objection" that he was misled by John Carr regarding which charge he should plead guilty to — the drug charge or the gun charge. Obj., ECF No. 101, at 1-2.

could not have voluntarily entered into a plea agreement with the United States.  The document submitted by the movant in support of this contention is a June 7, 2018 letter from the Social Security Administration to Hill, stating that Hill was "approved for Supplemental Security Income disability (SSI) benefits in May 2007.  Our records show your diagnosis was Organic Mental Disorders and Anxiety Disorders."  ECF No. 69.

The magistrate judge provided thorough and detailed legal and factual explanations for why the documents provided by the movant did not establish that he was mentally incompetent to enter into a plea agreement.  PF&R, ECF No. 97, at 13-18.  Ultimately, the magistrate judge found, and the court agrees, that "Hill was able to understand the nature and consequences of the proceedings against him and to assist in his defense.  There is not a scintilla of evidence in the record to indicate that Hill was mentally incompetent to enter guilty pleas in either of his 2015 or 2016 case[s]."  Id. at 18.  The magistrate judge fittingly concluded that inasmuch as Hill has not demonstrated that he was mentally incompetent, the statute of limitations for filing a § 2255 motion on his 2015 crack cocaine conviction should not be tolled.  Id. at 13.

The magistrate judge also set forth why Collias was not ineffective in his defense of the movant in failing to seek

a mental competency evaluation of the movant.[2]  Specifically, the magistrate judge noted that in view of Collias's interactions with the movant, wherein Collias "did not see the slightest sign or indication of any mental disease, defect, or disorder," he was under no obligation to seek such an evaluation.  Collias Aff., ECF No. 52, at 4.  For this reason, among others provided by her, the magistrate judge appropriately found that movant failed "to assert a claim that his counsel was constitutionally deficient in not requesting a mental competency evaluation or investigating his mental competency."  PF&R, ECF No. 97, at 35.

Next, the movant contends that the magistrate judge misconstrued his motion "to reduce or correct sentence" pursuant to 28 U.S.C. § 2241, filed January 28, 2019, long after the deadline to supplement his § 2255 motion had expired.  Obj., ECF No. 101, at 9.  Movant states that he "filed the motion for the court simply as a regular motion to reduce his sentence in light of the err[or] made that put his current sentence into controversy."  Id.  It appears that Hill is contesting his

---

[2] It appears the magistrate judge did not address Carr's potentially ineffective assistance for failing to obtain a mental competency evaluation inasmuch as those claims arising out of the 2015 plea agreement were determined to be time barred.  However, she did note that Carr attested that he never believed Hill "was operating under any sort of mental disability that would provide a good faith basis to seek a competency evaluation."  PF&R, ECF No. 97, at 17 (citing Supplemental Aff. Carr, ECF No. 84, at 1).

sentence for the 2016 felon in possession of a firearm conviction.  Hill further asserts that his consecutive sentence for the supervised release revocation was improper inasmuch as the underlying conviction was unconstitutional.  Further Obj., ECF No. 102, at 3.

The magistrate judge states that "[d]espite the title he affixes to his motion, Hill unequivocally challenges the validity of his sentence, not its execution.  As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is another supplement or amendment to his § 2255 motion." PF&R, ECF No. 97, at 19.  The magistrate judge also noted that "Hill waived the right to challenge his sentence in his plea agreement" in the 2016 felon in possession case.  Id. at 22 (citing No. 2:16-cr-210, ECF No. 49, at 5-6).  The magistrate judge, after a thorough explanation, correctly found "that Hill's challenge to his consecutive sentence is untimely under the AEDPA, as it does not relate back to his § 2255 motion or supplements. Further, such claim is procedurally defaulted and barred by the collateral attack waiver in Hill's plea agreement."  Id. at 23.

Finally, the movant appears to object to the finding that none of the decisions of Carr or Collias in their defense of the movant during the 2016 felon in possession of a firearm

case were sufficient to support his claim for ineffective assistance of counsel. Obj., ECF No. 101, at 9. Specifically, movant asserts that Carr "failed to object to prejudicial remote and extrinsic video footage being introduced during the movant's trial against the movant's desire and direction for him to object," id., that Carr's moving for a continuance of trial in January 2017 was against his wishes and prejudicial to him, id. at 10, and that Collias's recommendation to plead guilty was unreasonable in light of his mental disability and the existence of exculpatory evidence such as DNA evidence, body-camera video and testimony from those who called 911 regarding the incident that led to movant's 2016 arrest for felon in possession of a firearm, id. at 13-16.

The magistrate judge properly evaluated movant's claims for each of these alleged deficiencies and appropriately found that Hill failed to state a claim for ineffective assistance of counsel. PF&R, ECF No. 24-36.

The movant has offered no meaningful objection to the magistrate judge's PF&R. For the reasons set forth above, each of the movant's "objections" is overruled.

III. Conclusion

**Accordingly, it is ORDERED as follows:**

1. **That the movant's objections be, and they hereby are, overruled;**

2. **That Magistrate Judge Eifert's Proposed Findings and Recommendations be, and they hereby are, adopted and incorporated herein;**

3. **That movant's § 2255 motion (ECF No. 46) be, and it hereby is, denied;**

4. **That movant's other pending motions (ECF Nos. 53, 67, 68, 72, 79, 80, 82, 83, 87, 88, 89 and 98) be, and they hereby are, denied as moot; and**

5. **That this action be dismissed and removed from the docket of the court.**

**The Clerk is directed to forward copies of this written opinion and order to the pro se movant, all counsel of record, and United States Magistrate Judge Cheryl A. Eifert.**

**ENTER: July 1, 2019**

John T. Copenhaver, Jr.
Senior United States District Judge